# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gerald Patrick Barbaris, # 316683, | ) C/A No. 4:10-830-CMC-TER |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Edsel Taylor, Warden MacDougall Corr. Inst., | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court *pro se* by a state prison inmate.[1] Petitioner is currently incarcerated at MacDougall Correctional Institution, part of the South Carolina Department of Corrections (SCDC) prison system. According to the SCDC internet website, Petitioner is currently serving a ten-year sentence based on a 2006 Dorchester County conviction for second-degree criminal sexual conduct with a minor. In the Petition, he claims to have completed a direct appeal and PCR case, but in the grounds for relief he speaks only about a 2007 "Charleston County Family Court" (Family Court) proceeding, claiming that South Carolina child welfare officials (SCDSS) lacked "subject matter jurisdiction" to "remove [his] children" from his custody, apparently based on their review of the guilty plea he entered in the Dorchester County criminal case. He contends that his criminal guilty plea should not have been used as "evidence" in the Family Court matter, and that the Family Court improperly relied on the contents of guilty plea "for imposition of sentence without testimony or presentation by defense." At the conclusion of the Petition, the claim for relief asks

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

this Court: "[t]o remove all judgements made against and/or adverse to the petition by SCDSS and the 9th Cir. Family Court forthwith and expunge their records of this matter forthwith. Then expidite [sic] visitation with minors in question." Pet. 14.

Following initial review of the Petition, the Court propounded special interrogatories to Petitioner to clarify whether or not he was seeking habeas corpus relief from his criminal conviction and sentence for criminal sexual conduct with a minor, or if he was asking this Court to review the Family Court ruling in a child custody matter. (Entry 11). In his Answers to the Special Interrogatories, Petitioner specifically stated that he is asking this Court to review the proceedings and outcome of the Family Court matter. He answered "no" when asked if he is asking this Court to review "the Dorchester County criminal conviction and sentence . . . . ." (Entry 16).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading

to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936). By submitting his allegations on a Court-approved form for a petition for writ of habeas corpus under 28 U.S.C. § 2254, it appears that Petitioner believes that the habeas corpus statute gives this Court subject-matter jurisdiction to review the proceedings that took place in the Family Court resulting in an order that Petitioner not see his children. This belief is incorrect because Petitioner is not in state custody because of that Family Court proceeding.

The United States Supreme Court has held that the essence of "habeas corpus" is an attack by a person *in custody* upon the legality of that custody. The traditional function of the writ is to secure the petitioner's release from illegal custody. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Furthermore, the habeas statute gives federal courts the authority to issue a writ only if the petitioner is in custody, *see* 28 U.S.C. § 2241, and, therefore, there is a jurisdictional requirement "that the habeas petitioner be 'in custody' *under the conviction or sentence under attack* at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (emphasis added). As a result, when considering any petition seeking a writ of habeas corpus, a federal court is confronted with threshold question whether the petitioner is "in custody" on a

contested criminal conviction and sentence for purpose of establishing subject-matter jurisdiction of the court. *See Meck v. Commanding Officer, Valley Forge Gen. Hosp.*, 452 F.2d 758 (3d Cir. 1971); *see also* 28 U.S.C. § 2241(c); *Pringle v. Court of Common Pleas*, 744 F.2d 297, 300 (3d Cir. 1984)(an individual must be "in custody" in order to be eligible for federal habeas corpus relief).

It has been specifically held by at least two federal courts, albeit in unpublished opinions, that contentions such as those raised by Petitioner in this case concerning the alleged impropriety domestic-relations-related restraining or protective orders are not the type of claims for which there is federal jurisdiction under § 2254 because, even though some of their desired actions were restrained by the orders, the petitioners were not in custody under the state court judgment in which the disputed orders were issued. *Westhoff v. Moran*, No. 09-501, 2009 WL 1362630, *3 (E.D. Pa. March 30, 2009); *Rouse v. Plummer,* No. C 04-0276 JF (PR), 2006 WL 3507945, *5 (N.D. Cal. Dec. 1, 2006). A similar ruling was made in a tax-related criminal investigation case filed as a habeas corpus action in the Federal Claims Court. *See Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002). In that case, the habeas petition was filed by a taxpayer who wanted to stop IRS efforts to assess and collect back taxes prior to the institution of any federal tax-related criminal charges. The Federal Claims Court held that a habeas corpus petition was not the correct method by which the validity of the IRS's activities could be tested because, even though the petitioner was the subject of a criminal investigation by the IRS at the time he filed his petition, he did not allege that he was then in custody under an indictment or otherwise. *Id.*; *see also Beale v. United States*, 69 Fed. Cl. 234, 236 (2005)(same). Similarly, the habeas corpus petition filed in this case is not the correct method by which Petitioner can challenge the validity of the SCDSS's activities in connection with the Family Court judgment of which he complains.[2] As a result, this case should be summarily dismissed for

---

[2]Even if Petitioner had submitted his contentions about the invalidity of the Family Court proceedings on a civil complaint form instead of a habeas corpus petition form, his stated intention for this Court to review the Family Court proceedings would be barred by the *Rooker-Feldman*

lack of federal subject-matter jurisdiction over the Petition.

**RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

Petitioner's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 4, 2010
Florence, South Carolina

---

Doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983)(federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) (same). It is not clear from the Petition whether or not Petitioner took an appeal to the South Carolina state appellate courts from the Family Court custody decision of which he complains.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).